## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FRANK GAYLORD,

          Plaintiff,

    v.

JOHN W. ALLI,

          Defendant.

Civil Action No.:  1:06-CV-1921

## DEFENDANT'S ANSWER

Defendant John W. Alli ("Alli"), by and through undersigned counsel, submits the following Answer in response to the Complaint filed by Plaintiff Frank Chalfant Gaylord II ("Gaylord").  Each of the numbered paragraphs below is a response to the corresponding numbered paragraph of the Complaint.  Upon current information and belief, all allegations of the Complaint are denied except to the extent expressly admitted below.  Answer headings correspond to the headings in the Complaint, and are not an admission by Alli of the truth of allegations contained in the headings.  Alli denies any allegation contained in such headings.

## THE PARTIES

1.      Alli is informed and believes on that basis that the allegations in paragraph 1 are true.

2.      Alli is informed and believes on that basis that the allegations in paragraph 2 are true.

3.      Admitted.

## JURISDICTION AND VENUE

4.      Defendant admits that this is an action for copyright infringement arising under the copyright laws of the United States.  Defendant denies that this action is appropriately brought under Title 17 United States Code Sections 101 *et. seq*.  Defendant avers that that this Court does not have subject matter jurisdiction over this matter pursuant to United States Code §§ 1331, 1332, and 1338(a).

5.      Defendant is without knowledge or information sufficient to form a belief as to the propriety of the alleged amount in controversy, and therefore denies the allegation.

6.      Denied.

## FACTUAL ALLEGATIONS

7.      Alli is informed and believes on that basis that Gaylord submitted a proposal to Cooper-Lecky Architects to be considered as the figural sculptor for a proposed Korean War Veterans Memorial to be installed on the National Mall in Washington, D.C.  Alli is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 7, and they are therefore denied.

8.      Alli admits that Cooper-Lecky Architects selected Gaylord to sculpt the figures used in the Korean War Veterans Memorial.  Alli is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 8, and they are therefore denied.

9.      Alli is informed and believes on that basis that from the time of his selection as sculptor until the installation of the completed sculpture on July 27, 1995, Gaylord created and

constructed original sculptures consisting of 19 6'7" stainless steel statues in the image of a platoon of foot soldiers.   ("The Column").  Alli is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9, and they are therefore denied.

10.     Denied.

11.     Alli is informed and believed, and on that basis admits, that Gaylord received from the U.S. Copyright Office the copyright registrations attached to his complaint.  Alli is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11, and they are therefore denied.

12.     Admitted.

13.     Alli admits that sometime after July 27, 1995, he photographed the National Korean War Veterans Memorial just after a snow storm (the "Alli Image").  Whether the Alli Image created a copy of the work The Column that is substantially similar to a copyrightable work is a legal conclusion to which no response is required.

14.     Defendant admits statements in paragraph 14, except to the extent that paragraph 14 implies the legal conclusion that the Alli Image is a copy of The Column.

15.     Admitted.

16.     Alli is informed and believes on that basis admits that USPS or other persons contracted by USPS affixed the Alli Image to certain related commemorative items, such as magnets and lapel pins.  Alli is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and they are therefore denied.

17.     Alli admits that he has sold or has authorized others to sell prints and other merchandise containing the Alli Image.  The second sentence of paragraph 17 constitutes a legal conclusion to which no response is required.  The remaining allegations are denied.

18.     Paragraph 18 states a legal conclusion to which no response is required.  Defendant denies the applicability of 17 U.S.C. §§ 106(1)-(3), (5) and 106A(a).

19.     Paragraph 19 contains a legal conclusion to which no response is required.  To the extent a response is required, denied.

20.     Denied.

21.     Alli is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and they are therefore denied.

22.     The allegations contained in paragraph 22 form a legal conclusion and therefore no response is required.  To the extent a response is required, denied.

23.     The allegations contained in paragraph 23 form a legal conclusion and therefore no response is required.  To the extent a response is required, denied.

24.     The allegations contained in paragraph 24 form a legal conclusion and therefore no response is required.  To the extent a response is required, denied.

## PRAYER FOR RELIEF

1.     Defendant denies that Plaintiff is entitled to the relief he seeks.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Further answering, Defendant alleges upon current information and belief that:

1.      The Court lacks subject matter over the Action asserted in the Gaylord Complaint, which properly should be brought in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498(b).

2.  Plaintiff is entitled to no recovery from Defendant, because and to the extent that Defendant acted "for the Government  and with the authorization or consent of the Government" when he participated in creating the commemorative stamp bearing the Alli Image. *See* 28 U.S.C. § 1498(b).

3.      Plaintiff is entitled to no recovery from Defendant because Defendant has not infringed Plaintiff's copyrights.

4.      Plaintiff's claim of copyright is not valid because Plaintiff worked collaboratively with Cooper-Lecky Architects ("CLA") to create jointly the Korean War Veterans Memorial ("KWVM").

5.      Defendant is not liable to Plaintiff because Defendant properly obtained from CLA a copyright license permitting all alleged uses of the Alli Image.

6.      The complaint fails to state a claim for which relief may be granted.

7.      Plaintiff's claims are barred by the doctrine of waiver.

8.      Plaintiff's claims are barred by the doctrine of laches.

9.      Plaintiff's claims are barred by the doctrine of estoppel.

10.     Plaintiff's claims fail because Plaintiff is not in contractual privity with Defendant.

11.     Plaintiff's copyright claims in The Column are invalid and barred, as determined by the February 23, 2000 Decision of the Contracting Officer of the United States Army Engineer District, Baltimore (appended hereto as Exhibit A).

12.     Defendant further asserts any and all defenses which are presently unknown to Defendant but which, when ascertained, Defendant prays leave to add to this answer.

WHEREFORE, Defendant respectfully requests the following relief:

A.  That the Court dismiss the Complaint for lack of subject matter jurisdiction;

or, in the alternative:

B.  That the Court adjudge the Plaintiff's copyrights not infringed by Defendant;

C.  That the Court adjudge Plaintiff is not entitled to any compensation;

D.  That the Defendant have such further relief as the Court deems proper and just.

Respectfully submitted,


April 10, 2007                    PAUL, HASTINGS, JANOFSKY & WALKER LLP

                                 /s/ Robert M. Masters
                                 Robert M. Masters (Bar No. 14770)
                                 875 15th Street N.W.
                                 Washington D.C., 20005
                                 Telephone:  (202) 551-1763
                                 Facsimile:  (202) 551- 1705
                                 robertmasters@paulhastings.com

## <u>CERTIFICATE OF SERVICE</u>

I, Robert M. Masters, certify that on this 10th day of April, 2007, I served a copy by email (pdf.) of the foregoing **Defendant's Answer**, via the Court's ECF service for the parties as follows:

FISH & RICHARDSON P.C.

Ahmed J. Davis
Scott A. Elengold (Bar No. 16715)
1425 K Street, N.W. 11th Floor
Washington DC, 20005-3500
Telephone: (202)783-5070
Facsimile: (202) 783-2331
elengold@fr.com

/s/ Robert M. Masters